| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS |

| | | |
|---|---|---|
| *In re* <br><br> IFS Financial Corporation, *et al.*, <br><br> Debtors. | § § § § § | Civil Action H-13-1447 |
| W. Steve Smith, <br><br> Appellant, <br><br> versus <br><br> Judy A. Robbins, <br><br> Appellee. | § § § § § § § § § § | Appeal from the <br> Bankruptcy Court <br> Case 02-39553 |

# Opinion on Appeal

1. *Introduction.*

    A bankruptcy trustee billed an estate for his family's four-night trip to New Orleans because he said that he helped his wife prepare for an appeal. After a creditor objected, the bankruptcy court disallowed most of the bill. Finding that the trustee attempted to convert assets from the estate, the court removed him as a trustee in all twelve of his cases. He has appealed his removal, but he will not be restored. The significance of a breach of trust is not measured by the volume of dollars, contrition afterwards, or personal interests.

2. *Background.*

    From 2002 until his removal in 2013, W. Steve Smith had served as the trustee in IFS Financial Corporation's bankruptcy. In an adversary case, the estate recovered about $1.5 million. When that judgment was appealed, Smith hired his law partner and wife, Blanche Smith, as the estate's lawyer for the appeal.

    In November, Smith and his family traveled to New Orleans. He says that he needed to arrive three days before the hearing to help his wife prepare. He billed the estate $3,486 in

travel expenses – $2,121 for four nights' lodging, $900 for airfare, $245 for parking and taxis, and $220 for meals.

Although his two children accompanied him, he did not directly bill the estate for their expenses. He says that he had to bring them to New Orleans because one of his children has "severe behavioral issues" that require treatment by a therapist. Neither Smith nor his wife is a therapist, nor does he say that one was consulted in New Orleans.

Blitz Holdings Corporation – a creditor of the estate and an intervener on appeal – objected to the expenses for lodging and food. The Bankruptcy Court removed Smith as trustee because it found that his attempt to convert the estate's assets was a willful breach of his fiduciary duty.

His removal from this case had the consequence of removing him from all of his appointments.[1] At present, Smith remains on the panel of trustees for Chapter 7 bankruptcies. The United States Trustee has, however, suspended him from taking cases pending his appeal. The Trustee will probably ask him to resign from the panel if he loses.

Smith appealed the bankruptcy court's orders (a) removing him and (b) denying a stay of his removal. In May, this court denied Smith's request to stay his removal.

3.  *Cause.*

After notice and a hearing, a bankruptcy court may remove a trustee for cause.[2] The statute does not define for cause.[3] Smith says this lack of a specification makes the phrase "for cause" ambiguous. This is a pedantic quibble. Logic, economics, and physics have causes – what is required is an articulable justification based on cogent facts and rigorous reasoning. Being a rationalist, realist enterprise, the law is replete with causes.[4]

Smith says that the only cause a court can use to remove him is if he has been grossly negligent in handling an estate – the standard for whether a trustee has breached his fiduciary duty. According to him, (a) only an intentional failure to perform a manifest duty warrants

---

[1] 11 U.S.C. § 324(b) (2012).

[2] 11 U.S.C. § 324(a) (2012).

[3] S. Rep. No. 95-797, at 37 (1978).

[4] Black's Law Dictionary 717 (9th ed. 2009).

removal; and (b) his misapplying the estate's funds to his benefit is not one. He also says that, because removal is an "extreme remedy," poor judgment does not support it.

Poor judgment can come in a variety of forms. Over pleading, excessive depositions, and weak coordination are poor judgment. Defalcation – not losing it to inefficiency – purloining estate funds is poor judgment, but it is of a distinct character. Staying in an expensive hotel might be poor judgment, but staying in an expensive one in a vacation town when you are not needed is categorically worse.

Smith's emphasis on his interest in the office suggests poor judgment. The inquiry is not about him; it is emphatically about the integrity of the administration of estates in bankruptcy.

The bankruptcy court removed Smith for a compelling reason. During a hearing on April 25, 2013, he admitted that his fees were improper. He conceded that he billed the estate for personal expenses. Whether his billing was sloppy, reckless, or intentional, he cannot be trusted. Accidental costs and losses in the operation of the estate are the friction of real life, but the direct personal benefit that he garnered means that he cannot be trusted.

Smith's explanation is also not credible. He says that his billing was a mistake – an error in judgment – not a deliberate attempt to defraud the estate. Four nights in New Orleans with his family cannot rationally be portrayed as legal preparation. His supposed reason for bringing his children – their poor behavior – would have interfered with his work.

An attorney does not mistakenly bill a client for a family vacation. He admits that he did not work on Saturday and Tuesday, yet he billed for those nights anyway. This case is not the first in which he may have used his office to enrich those close to him. He has hired his own law firm and wife to represent estates. He has also been questioned by the bankruptcy court for not earnestly soliciting independent lawyers to represent those estates.

The public hope that trustees are wise and effective, but they require that the trustees are disinterested in their dealings. A family's trip to New Orleans as a business expense is not negligent, not business judgment, not an omission; he has intentionally abused the public's trust. The statute, however, does not require egregious misconduct to justify removal. It entrusts the bankruptcy court to manage the administration of estates legally and rationally – a job it has done faithfully in this case.

4.   *Notice.*

The bankruptcy court may only remove a trustee after notice and a hearing.[5] Recognizing that the amount of process due depends on context, the bankruptcy code says that the notice should be what is "appropriate in the particular circumstances" – an example of the code's belaboring the obvious.[6]

Smith says that he was not meaningfully notified of his removal hearing. He concedes that (a) he was told the location and time of the hearing, (b) he had enough time to prepare, and (c) the court allowed him an opportunity to be heard. At the hearing, he testified that he had received the process he was due.

He now objects to the bankruptcy court's consideration of collateral evidence; he says that he was not told that the court was going to discuss other cases in which he had been questioned about self-dealing. He did not, however, object at the time. By not articulating his objections to the bankruptcy court, he waived them.[7]

He has pleaded that he was surprised by the other cases, but the bankruptcy court had warned Smith that it planned to discuss them. Its order for the hearing mentioned two cases in which it had questioned whether Smith breached his duties. The order concludes, "The court is again concerned that Smith is placing his personal interest ahead of his fiduciary duties."

He did not object during the hearing because he was not surprised. His raising this issue on appeal calls into question his appreciation of the fundamentals of advocacy.

The bankruptcy court was not obliged to notify Smith of every question that it planned to ask. Reasonable notice under these circumstances is a general announcement about the subject of the hearing. Smith knew that the hearing was to discuss whether he would be fired for breaching his duties to the estate. He was alerted to the specifics of the related conduct.

---

[5] 11 U.S.C. § 324(a) (2012); U.S. Const. amend V.

[6] 11 U.S.C. 102(1) (2012).

[7] Newby v. Enron Corp., 394 F.3d 296, 309–310 (5th Cir. 2004).

5.  *Right in an Office.*

When a court removes a trustee for cause, he is ordinarily removed from all of his cases.[8] Smith says that this statute is unconstitutional because (a) it deprives him of his liberty without due process of law and (b) it allows one court to interfere with another court.

When the bankruptcy court removed Smith in this case, it also removed him in twelve other cases. Because all of these cases were pending in the same court – the Southern District of Texas – the bankruptcy court did not interfere with another court. Smith has confused the notion of a court with a judge or a docket.

In the United States, no person may be deprived by a governmental agency of liberty without due process of law.[9] Liberty is more than freedom from bodily restraint; it includes the right to contract, work, learn, marry, and other rights essential to the pursuit of fulfillment by free men.[10] Smith says that the United States has trampled his right to work as a trustee by "automatically" removing him.

Nothing was automatic about his removal. He was given notice, a hearing, and an opportunity to explain himself. He testified that he had received all of the process that he was due. This constitutional court appreciates the level of his personal interest, the quality of the public's interest, the congruence of the standards to the rational achievement of the public's interest, and the process applied to limit erroneous decisions; it recognizes that Smith has had the process that is constitutionally due him.

On appeal, he disingenuously gripes that he should have had twelve removal hearings – one in each of his cases. If he were a stock broker who had been caught self-dealing in one of his twelve accounts, he would insist that he could not be fired, only removed from one account. The trusteeship is unitary within the court. That may be a harsh policy, but it is the one under which he took the authority and emoluments. Accountability is not unconstitutional.

---

[8] 11 U.S.C. § 324(b) (2012).

[9] U.S. Const. amend V.

[10] Bd. of Regents of State Colls. v. Roth, 408 U.S. 564, 573–74 (1972).

6. *Stay.*

On May 22, 2013, this court exhaustively explained why the bankruptcy court's order should not be stayed pending appeal. It applies to staying this decision if there is another appeal.

7. *Conclusion.*

Trustees must be trustworthy. After admitting that he took money from an estate – however recklessly – the bankruptcy court correctly concluded that Smith cannot be trusted. Its orders removing W. Steve Smith as a Chapter 7 trustee and denying a stay of his removal pending appeal will be affirmed.

Signed on August 11, 2014, at Houston, Texas.

```
                                    _____
                                        Lynn N. Hughes
                                    United States District Judge
```